JANVIER, Judge.
In the late afternoon of April 13, 1952, at the corner of Pelopidas and Frenchmen Streets, in New Orleans, there was an'automobile collision between a Chevrolet sedan owned and driven by Joseph Lecce and a Buick owned and operated by Alvin Faul-stich. As a result of the collision Mrs. Sarah Lecce Lalla, wife of Dominic Lalla, who was a passenger in the Lecce car, sustained personal injuries. She and her husband brought this suit for damages against the operators of the two cars, Joseph Lecce and Alvin Faulstich, and The Travelers Indemnity Company, Hartford, Connecticut, the liability insurance carrier of Lecce.
Mrs. Lalla prayed for solidary judgment against all three defendants in the sum of $22,500, and Mr. Lalla sought reimbursement for medical expenses and hospital bills already incurred and to be incurred in the future, praying for solidary judgment against all three defendants in the sum of $1,105.75.
In the Civil District Court for the Parish of Orleans'there was judgment in favor of Mrs. Lalla and against all three defendants in solido in the sum of' $4,000 and in favor of Mr. Lalla and against all three defendants in solido in the sum of $132.75. From this judgment Joseph Lecce and The Trav *344 elers Indemnity Company’ Have appealed suspensively. Mrs. Lalla answered the appeal, praying that the amount of the award be increased to $10,000. Alvin Faulstich did not appeal.
The Lecce car was driven by Joseph Lecce and in the car with him were his wife, his mother, his sister (Mrs. Lalla), who is the plaintiff, and two children. Mrs. Lalla was seated on the right rear seat. The Lecce car was on Pelopidas Street which is not paved. The Faulstich car, in which there were no passengers, was on Frenchmen Street which wás páved. It approached the intersection from the right side of Lecce. The Lecce car was a, little beyond the center line of . the intersection when it was struck on its right side near the rear by the Faulstich car.
There seems to be no doubt that Faul-stich was at .-fault.in driving,his car into the intersection and directly into the side of the Lecce car. At any rate, he has not appealed from the judgment against him. Consequently the judgment as it runs against him must be allowed to stand.
The question in which we are interested is whether there was negligence in Lecce without which the collision would not have occurred, because if there was such neglb gence on his part, then Mrs. Lalla, his sister, and Mr. Lalla may recover as against him and also against his insurer, even if there was also negligence on the cart of Faulstich.
The City Traffic Ordinance No. 18,202 was offered in evidence, and counsel agree that by that ordinance neither of the streets was given priority over the , other, and counsel also agree that there was no traffic warning sign requiring, that vehicles on either street stop or reduce speed. However, as a result of the State statute, LSA-R.S. 32:237, par. A, on streets of equal rank the vehicle which approaches from the right is granted the right of way over the other. However, this right of'way does not entitle the -driver who is coming from the favored direction to drive into an intersection blindly and without looking, but it does require that'the driver, who is coming from the other or non-favored direction, must take precautions to see that no vehicle is approaching the intersection from his right.
It appears from the record and especially from the testimony of Lecce himself that he did not see the Faulstich car approaching the crossing. He says that he did not see it until after the accident had occurred. He was asked when he first saw the Faulstich automobile and he answered:
“After I was leaving the scene of the accident * *
The Judge stated that he must have misunderstood the question saying:
“He wanted to know when was the first time you saw the automobile ?”
and Lecce repeated the answer:. “After the accident.”
The record shows that the Lecce car proceeded for about a half block after the occurrence of the accident, and leaves us with the very distinct impression that Lecce was himself at fault in entering the intersection at too high a rate of speed and without looking to see whether any vehicle was approaching from his right.
In Mansfield v. Toye Bros. Yellow Cab Co., La.App., 78 So.2d 544, 546, w.e considered a case the facts of which were remarkably similar to those found here. There we said:
“ * * * if Harris made entry into Leonidas Street without first having stopped and without looking, it could never be denied that he was most imprudent in dashing into the intersection in utter disregard of traffic movement in the intersecting street; There is no question that when the Yellow Cab first entered into Leonidas Street, the Ford truck was in close proximity to Belfast Street, and under the rules of the road it had the right of way because it approached from the right of the taxicab.”
We have no doubt at all that both drivers, Faulstich and Lecce, were at fault and *345 that the accident would not have occurred had' either exercised proper care.
So far as Mr. Lalla’s claim is concerned, it is conceded that his expenses amounted to $632.75 and that he has been paid $500, so that the amount to which he is entitled is $132.75, which is the amount awarded him in the judgment.
Mrs. Lalla was so seriously injured that she remained unconscious for nearly' twenty-four hours. She was in a local hospital for three weeks and remained under the care of her doctor for about four months. Eight of her ribs were fractured, two of them being- fractured in two places. She sustained multiple contusions and abrasions. The ’ evidence shows that all “rib fractures have healed * * *' in satisfactory alignment,” and that there has resulted “insufficient displacement to change the alignment of the vertebral column.” We quote from the letter of Dr. Irvin Cahen, which is in evidence and which is based on reports of pathologists: .
“Anteroposterior and oblique roent-genorgrams of the left hemithorax reveal old, solidly united fractures of the third to eight ribs, inclusive. The third, fourth, fifth and seventh ribs were fractured in the posterior axillary line and the sixth and eighth in the paravertebral line. There is a second fracture of the fifth rib in the para-vertebral line. The fragments of most of these fractures were somewhat displaced, but complete healing has occurred in satisfactory alignment. If any other injuries were incurred, they have healed without residual deformity and are no longer 'recognizable.”
In view of the seriousness of the injuries, we think that the amount awarded Mrs. Lalla is slightly insufficient and that it should be increased to $5,000.
According to a statement of counsel for defendant which appears in the record the liability policy of the defendant corporation, was limited to $5,000 to any one person.
The judgment appealed from is amended by the increase of the amount awarded to Mrs. Sarah Lecce Lallá to $5,000. ■ As thus amended the judgment-is-affirmed; .defendants to pay .all co.stg.
Amended and affirmed.